UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cr-86 |
| ) | (Phillips) |
| JOHN OLIVER THREADGILL,, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant's Motion in Limine [Doc. 25.] and the Government's Motion for Rule 49.1 Exemption. [Doc. 29.]

**I.  Defendant's Motion in Limine**

The Defendant, John Threadgill has moved that certain evidentiary matter be excluded from trail. The Court will address the Defendant's requests separately.

**1.  Defendant John Threadgill's Motion in Limine # 1**

The defense argues that, since the Defendant is charged with evading the "assessment" of tax and not evading the "payment" of tax, any "testimony or documentary evidence, expert or lay opinion, or argument, that Threadgill's filed tax returns misstated his true tax obligations or were in someway (*sic*) incorrect or fraudulent is irrelevant to the charged offense….Such evidence would distract the jury from the questions to be decided in this case and unfairly prejudice the [D]efendant." [Doc. 25. ¶11.]  The Government concedes Mr. Threadgill is charged with evasion of the assessment, not payment, of his tax obligation. Nevertheless, the Government argues that

1

"the limitation sought by the [D]efendant would inhibit the Government's ability to offer evidence of evasion of payment if such evidence could also demonstrate evasion of assessment.

Defendants' Motion to exclude evidence of his misstated tax obligations is **DENIED**. In order to establish a violation of 26 U.S.C. § 7201, the Government must prove the following three elements: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or an attempted evasion of the tax. *Kawashima v. Holder*, 132 S.Ct. 1166 (U.S. 2012) (citing *Boulware* v. *United States*, 552 U.S. 421, 424 (2008)). Consequently, the Government must bear the burden of proving that Mr. Threadgill did not make an "innocent error" and that his violation of the law was willful. *Id.* Similarly, in *Cheek v. United States*, the Supreme Court held that a defendant may argue, in effort to defeat the willfulness element of 26 U.S.C. § 7201, that "innocent errors were made despite the exercise of reasonable care." 498 U.S 192, 205 (1991).

In order to meet the Government's burden, the Government must offer evidence to demonstrate Mr. Threadgill's mental state at the time the § 7201 offense occurred. To that end, evidence, whether documentary, testimonial, or expert, that establishes that Mr. Threadgill willfully mislead the IRS is more than relevant; in fact, such evidence would be necessary to prove an essential element of the offense in question.

Furthermore, applying Rule 404(b) of the Federal Rules of Evidence to the facts of this case, the Government may not introduce "evidence of extrinsic acts that might adversely reflect on the [defendant]'s character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States,* 485 U.S. 681, 686, (1988). Although "other act" evidence is inadmissible to prove propensity, such evidence is admissible if it is "probative of a material issue other than character." *Id.* Rule 404(b) "does not apply to

2

evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense." United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999). To be admissible, "other act" evidence must be intrinsic or probative of a material issue, other than character, such as "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Huddleston,* 485 U.S. at 686.

The Government will not be permitted to offer evidence of the Defendant's previous misstatements to the IRS as evidence of bad character; however, the Government may offer such evidence to establish the "willfulness" element of § 7201. Additionally the Government may offer evidence of the Defendant's prior misstatements in order to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident so long as the Government conforms to the notice requirement of Fed. R. Evid. 404(b).


**2. Defendant John Threadgill's Motion in Limine # 2**

Next, the Defendant argues that "testimony or documentary evidence as to *how* Threadgill spent the money that passed through his hands is irrelevant to the charged crime as detailed in the indictment….Further, such evidence could then to rouse the jury against the defendant for his profligate spending…" [Doc. 25. ¶12.]

In *United States v. Abboud*, the Sixth Circuit held that evidence of the Defendant's wealth or extravagant spending can be used to prove motive in tax fraud when the Defendant has first placed this motive in issue. 438 F.3d 554, 585 (6th Cir. 2006). However, prosecutorial misconduct has been found when class bias is used to merely to inflame the jury. *Sizemore v. Fletcher,* 921 F.2d 667 (6th Cir. 1990). Here, as mentioned above, the Defendant's motive, or mental state, is an essential element of the offense. The Federal Rules of Evidence permit the

inclusion of evidence of "other acts" when such acts are probative of a material issue other than character. Fed. R. Evid. 404(b).

At this time, the Defendant's objection to the Government's hypothetical evidentiary submission is both premature and overbroad. The Government cannot be denied the opportunity to prove an essential element of their case. Deciding whether a particular piece of evidence is prejudicial, irrelevant, or essential requires that the Court know specifically what evidence is being offered as well as the purpose for which it is being offered. Since the Court lacks the requisite context to render a decision at this time, the Defendant may renew the objections to specific evidence at the time of trial when the court has Specific evidence before it.

However, without knowing the specific acts that the Government intends to introduce, ruling on the admissibility of such acts is, at this time, premature. Consequently, the Defendant's Motion to exclude evidence of his expenditures is **Denied as premature and overbroad.** This Court is not compelled to issue a blanket ruling on all such evidence in advance of trial.The Defendant may renew the objections to specific evidence at the time of trial when the court has specific evidence before it.

### 3. Defendant John Threadgill's Motion in Limine # 3

The Defendant further argues that the Government should not be permitted to present evidence of Mr. Threadgill's prior criminal conduct or bar disciplinary procedures that were instituted against him. The Defendant argues that both matters are irrelevant to the present offense and would unduly prejudice Mr. Threadgill. At this time, the Court will reserve its ruling on whether bar disciplinary proceedings or criminal or civil charges are admissible, unduly prejudicial or irrelevant. Evidence which is not admissible for one purpose may be relevant and

4

admissible for another.Without knowing the specific evidence that the Government intends to submit, and the purpose for which it is being submitted, the Court is unable to determine if such evidence is proper. Consequently, the Defendants Motion to exclude evidence of his prior criminal conduct or interactions with the bar is **RESERVED.** The Defendant may renew the objections to specific evidence at the time of trial when the court has specific evidence before it.

4. **Defendant John Threadgill's Motion in Limine # 4**

The Defendant seeks to exclude evidence of his outstanding debts, including unpaid debts to employees as irrelevant and prejudicial. As mentioned above, the Government may not introduce "evidence of extrinsic acts that might adversely reflect on the [defendant]'s character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v.* 485 U.S. at 686. Evidence which is not admissible for one purpose may be relevant and admissible for another. Without knowing the specific evidence that the Government intends to submit, and the purpose for which it is being submitted, the Court is unable to determine if such evidence is proper. Consequently, the Defendants Motion to exclude evidence of his prior criminal conduct or interactions with the bar is **RESERVED.** The Defendant may renew the objections to specific evidence at the time of trial when the court has specific evidence before it

5. **Defendant John Threadgill's Motion in Limine # 5**

The Defendant moves to exclude evidence of "certain documents" from a tax court proceeding held against the Defendant in 1992. The Defendant's request is overbroad. The phrase "certain document" is too ambiguous to be intelligibly ruled upon by this Court. This

5

Court is not compelled to issue a blanket ruling on all documentary evidence; consequently, the Defendant's Motion to exclude "certain documents" from the 1992 tax court proceeding is **DENIED as overbroad.**

   II.   **Motion for Rule 49.1 Exemption**

   The Government moves that it be permitted an exemption from the redaction requirement of Rule 49 of the Federal Rules of Criminal Procedure. [Doc. 29.] More specifically, the Government requests that bank account numbers that are present in financial documents that the Government intends to offer into evidence not be redacted. In support of its position, the Government alleges that "redacting all financial account numbers would require the review of thousands of pages of documents;" furthermore, the Government alleges that the bank accounts at issue are "presumably now defunct in light of the defendant's (*sic*) disbarment." *Id.*at 2. In the event that the Government discovers an account that is still active, the Government maintains "no objection to such documents being received under seal."

   Rule 49.1 holds that, "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains and individual's…financial-account number…[of] a party or non-party making the filing may only include…the last four digits of the financial-account number. Fed. R. Crim. P. 491(a). Local Rule 83.3 holds that "Counsel shall endeavor to protect the private or personal information of jurors and witnesses, such as the identification of minors, financial account information…to the extent practicable. Trial exhibits are subject to the redaction requirements of Rule 49.1 to the extent they are filed with the Court; trial exhibits that are not initially filed with the court must be redacted in accordance with the rule if and when they are filed as part of an appeal or for other reasons. Footnote 1. Advisory Committee Note to

6

Fed. R. Crim. P. 49.1. Furthermore, "the court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Crim. P. 49.1(d).

Rule 49.1(b) describes several exemptions from the redaction requirements of 49.1(a); however, none of the enumerated exemptions apply to the present question. When examining the purpose behind Rule 49.1, the Court turns to the Advisory Committee Note accompanying the rule. "this rule is adopted in compliance with section 205(c)(3) of the E-government Act of 2002…requires the Supreme Court to prescribe rules 'to protect privacy and security concerns relating to electronic filing of documents and the public availability….of documents filed electronically.' The rule goes further than the E-Government Act in regulating paper filings even when they are not converted to electronic form." Footnote 1. Advisory Committee Note to Fed. R. Crim. P. 49.1.

Fundamentally, Rule 49.1 is designed to protect privacy. In the present case, the government states that the back accounts are "presumably now defunct;" nevertheless, the Court cannot expose the Defendant to potential constitutional violations of his privacy on the presumption that his bank accounts have closed. Consequently, the Court finds that the Government's Motion for Rule 49.1 Exemption [Doc. 29.] is **DENIED**. However, understanding the burden of examining thousands of pages for redactable content, the Court further orders that the documents that contain financial-account information be **FILED UNDER SEAL.** If and when the Government seeks to introduce into evidence materials that contain financial-account information, the status of those accounts can be examined individually to insure that only closed accounts will be publically disclosed. In the event that an account is discovered to be active, the

7

Government must comply with Rule 49.1 and redact all but the final four digits of an active bank account.

**IT IS SO ORDERED.**
                    **ENTER:**

                              s/ Thomas W. Phillips
                             United States District Judge