UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-cr-86 |
| ) | (Phillips) |
| JOHN OLIVER THREADGILL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motion for Release Pending Appeal. [Doc. 64]. On June 24, 2013, the Defendant, John Oliver Threadgill, was sentenced to a term of imprisonment of 51 months following a criminal conviction for violations of the Internal Revenue Code. Count One of the one-count indictment charged the Defendant with violating Title 26 U.S.C. § 7201 of the Internal Revenue Code by willfully attempting to evade and defeat the payment of $1,427,176 in income tax owed to the United States for the years 1985, 1986, 1987, 1988, 1995, 1996, 1998, 1999, 2000, 2002, 2003 and 2004, by failing to pay to the Internal Revenue Service said income tax, as required by law, and by committing the following affirmative acts of evasion:

(1) Using his law firm bank account and payroll account to issue checks to third parties for personal expenditures, thus disguising the existence and source of funds available to pay his assessed personal income taxes and thwarting attempts to collect such taxes;

(2) Creating and maintaining ledgers that concealed the true nature of personal expenditures from his law firm account;

1

(3) Establishing bank accounts in the names of nominee trusts and using such accounts to disguise the existence of assets, thus thwarting attempts to collect his personal income taxes; and,

(4) Titling his personal residences in the names of nominee trusts in an attempt to disguise the ownership of such residences and place them beyond the reach of creditors, including the Internal Revenue Service.

The Defendant now requests release pending appeal. [Doc 64]. 18 USC § 3143 provides, in relevant part, that the judicial officer "shall order that a person [appealing his conviction] be detained" unless the Court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

  (i) reversal,
  (ii) an order for a new trial,
  (iii) a sentence that does not include a term of imprisonment, or
  (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In support of his Motion, the Defendant argues that he does not pose a flight risk and that "two reversible evidentiary errors…constitute substantial questions which….could lead to reversal of his conviction." [Doc 64 at 1-2]. The Government concedes that Mr. Threadgill "is not likely to flee or pose a danger to any person or the community;" however, the Government claims that "Threadgill's appeal is plainly for the purposes of delay and is not expected to raise any substantial question of law or fact likely to result in reversal, a new trial, or a different sentence." [Doc. 67 at 2].

In the Government's Response in Opposition to the Defendant's Motion, the Government points out that the prosecution's central contention at trial was that the Defendant

2

engaged in affirmative acts of evasion intended to thwart, or delay, the IRS's ability to collect taxes from the Defendant—even after his total tax liability had been assessed. The Government states that, "Following indictment, the delays continued….Based upon past experiences with Threadgill, it should be obvious to everyone that the appeal will not be resolved with any degree of alacrity and that the defendant would, if possible, postpone indefinitely his reporting to prison."

One example of type of dilatory conduct referred to by the Government is the Defendant's alleged adept use of "Offers-in-Compromise" (hereinafter referred to as "Settlement Offers"). Evidence was presented at trial that the Defendant sent Settlement Offers to the IRS that were substantially below the Defendant's assessed tax liability. The defense argued that the Settlement Offers were substantially below his assed liability because Mr. Threadgill could not afford to make more-sizable offers. The prosecution disagreed.

The Government introduced testamentary evidence that diminutive Settlement Offers are routinely used by those seeking to avoid payment since, once an offer is made, the IRS immediately stops collections and moves the account to another department that considers each separate offer on its merits. Consequently, the prosecution argued, unless the IRS notices such a pattern, an offeror could continually present low Settlement Offers, which will be ultimately rejected; nevertheless, such offers would indefinitely stall the collection process.

Returning to the applicable statute, the Court finds insufficient support in favor of granting the Defendant's Motion. While the Court agrees that the Defendant does not pose a significant flight risk, the Defendant has failed to demonstrate that his appeal is likely to succeed, raises substantial questions of law or fact, or that the Defendant's Motion for Release— and eventual appeal—is not merely a dilatory tactic. Since the Court cannot find sufficient

3

evidence in support of release under § 3143, the Defendant must be detained, pursuant to the requirements of that Title. Consequently, the Defendant's Motion for Release Pending Appeal [Doc. 64] is **DENIED.** The Defendant shall report to prison when he is instructed to do so.

      **IT IS SO ORDERED.**

      **ENTER:**

<u>s/ Thomas W. Phillips</u>
United States District Judge