UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-86 |
| | ) | |
| JOHN OLIVER THREADGILL | ) | |

## MEMORANDUM AND ORDER

Defendant John Threadgill has filed a Motion to Amend the Presentence Report [Doc. 80] in this case to reflect that his ongoing alcohol use and addiction contributed to his criminal charges in state court in 2007 and 2009 and to problems in his marriage. Defendant was charged with and convicted of one count of violating 26 U.S.C. § 7201, attempting to evade or defeat the payment of a tax. On June 25, 2013, defendant was sentenced to a term of imprisonment of 51 months and is currently serving that sentence. The Presentence Report ("PSR") in this case states that defendant "is a social drinker of alcohol and remained steadfast in his denial of using any illegal substances" and that defendant "has never received substance abuse treatment." PSR ¶ 47.

In the affidavit filed in support of his motion, defendant states that "[a]lcohol abuse and addiction were factors in falling below acceptable standards in [his] law practice, including but not limited to incidents that ultimately resulted in criminal charges in Knox County and the loss of [his] law license. The criminal charges in Knox County related to [defendant's] law practice in 2007 and 2009." [Doc. 80-1 at ¶ 4.] Defendant

also states that "[a]lcohol use and addiction were also factors contributing to problems in [his] marriage." [*Id*. at ¶ 5.] Defendant now desires to obtain treatment for alcohol abuse [*Id*. at ¶ 6]. However, admission into the Bureau of Prisons' Residential Drug Abuse program requires a documented history of substance abuse. Defendant contends that the information sought to be added to the PSR is not inconsistent with the information provided to the Probation Office, but rather "expands" on that information [Doc. 80 at ¶ 8].

The government has opposed the defendant's motion [Doc. 81] on the basis that there is no legal authority for the Court to modify the PSR after sentence is imposed. The government correctly notes that the defendant did not object, either prior to or during the sentencing hearing, to the PSR as it related to alcohol abuse or addiction. The government contends that if the PSR is incorrect on this point it is because defendant gave untruthful information to U.S. Probation Officer Scott Queener, who prepared the report. The government argues that the information defendant seeks to add to the PSR does not "expand" on the PSR, but rather is "plainly incompatible" with it. Finally, the government notes that none of the letters submitted on defendant's behalf at the time of sentencing, including the letter from defendant's priest who claimed to have engaged in extensive discussion with defendant concerning the reasons for his failure to pay federal income taxes, contain any mention of substance abuse issues.

The Probation Office confirms that there was no history or indication of alcohol abuse during defendant's pretrial supervision or following his conviction. When defendant was initially interviewed, he stated that he drinks alcohol socially and denied

2

having ever used any illegal substances. During the PSR interview, defendant again denied any problems with alcohol or illegal substances and stated that he drinks alcohol socially. Following his incarceration, defendant wrote U.S. Probation Officer Rhonda Monger-Lay and thanked her for treating him with respect while on pretrial release. The letter contains no statements regarding alcohol abuse. The Probation Office also notes that, even assuming defendant was secretly suffering from alcohol addiction, he has now served over 15 months of his sentence and therefore has had 15 months of continued sobriety.

The Court finds that defendant's motion is not well-taken. The record is clear that, until now, defendant has steadfastly denied any issues of alcohol abuse or addiction. The defendant did not object to the characterization of his alcohol use as contained in the PSR or at the sentencing hearing on June 24, 3013. Thus, the Court cannot find that the PSR contains a "clerical error" or "an error in the record arising from oversight or omission" which could be corrected pursuant to Fed. R. Crim. P. 36. Whether the defendant's current assertion of alcohol abuse is due to an honest self-awareness acquired from his incarceration or due to an attempt to gain a sentence reduction through participation in a substance abuse treatment program, the Court cannot determine. However, there is simply no legal or factual basis to amend the PSR and the Court declines to do so. *See United States v. Dancy*, No. 04-80335, 2012 WL 1970116 at *2 (E.D. Mich. June 1, 2012) ("Courts uniformly hold that once the district court imposes sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report"). The defendant's motion [Doc. 80] is **DENIED**.

3

IT IS SO ORDERED.

                     s/ Thomas W. Phillips
                         SENIOR UNITED STATES DISTRICT JUDGE