UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-86 |
| | ) | |
| JOHN OLIVER THREADGILL | ) | |

## **MEMORANDUM AND ORDER**

Defendant John Oliver Threadgill has filed a pro se motion for early termination of supervised release [Doc. 84].[1] In support of his motion, defendant states that he had no infractions or violations during his 38-month term of imprisonment. Defendant states that he has complied with all of the terms of his supervision and he has consistently paid restitution as ordered by this Court. Since his incarceration, defendant states that his primary income has been Social Security from which he has been paying restitution. Defendant suggests that he is now fully rehabilitated and no threat to the community. Defendant states that termination of supervision would allow him "more access to employment" and the opportunity to spend more time with his children who live out of state. Defendant also notes that he has been released from state court probation.

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3583(e)(1) which provides:

---

[1]Although defendant's motion is styled as a "Petition for Release from Probation," the record reflects that the defendant was sentenced to and is currently serving a term of supervised release.

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The U.S. Probation Office states that defendant began his term of supervision on April 13, 2017. The Probation Officer reports that defendant has been in compliance with the terms of his federal supervision, he has incurred no new arrests, and he has made regular payments toward his restitution. Until recently, the defendant has maintained steady employment and has not reported why his employment ended. The Probation Officer notes that defendant's supervision was transferred to South Carolina for a short period of time, but that he was required by the State of Tennessee to return because he did not obtain the State's permission to relocate. Due to the large amount of restitution owed, the Probation Officer objects to his motion for early termination.

The government also opposes his motion for early termination [Doc. 85]. Contrary to the defendant's motion, the government suggests that the defendant served slightly more than 44 months of a 51-month term of incarceration. The government contends that defendant's motion offers no reasons for early termination consistent with the § 3553(a) factors [*Id*. at p. 2]. Referencing § 3553(a)(1), the government argues that the nature and circumstances of the defendant's offense, his personal history, and his characteristics have not changed [*Id*. at pp. 2—3]. The government also argues that the defendant has demonstrated no change with respect to deterrence, protecting the public from further crimes, or educational or vocational training or medical care [*Id*. at p. 3 (referencing §§

3553(a)(2)(B)—(D)]. The government suggests no sentencing disparity that would be created by requiring the defendant to serve his entire term of supervision [*Id.* (referencing § 3553(a)(6)]. The government notes the significant amount of restitution ordered, $3,569,200.20, and the significant amount still owed by the defendant, $3,566,838.60 [*Id.* at pp. 3—4]. Finally, the government suggests that the defendant has already been shown leniency in the sentence imposed and he should be expected to serve the remainder of his supervision as ordered.

The record reflects that the defendant was charged with and found guilty of one count of willfully attempting to evade and defeat the payment of a tax, in violation of 26 U.S.C. § 7201 [Doc. 41]. The defendant was sentenced to a term of imprisonment of 51 months, to be followed by a three-year term of supervised release [Doc. 63]. The defendant was also ordered to pay restitution to the Internal Revenue Service totaling $3,569,200.20 [*Id.*].

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. While it appears the defendant has generally complied with the terms of his supervised release, *see* 18 U.S.C. § 3553(a)(1), he is no longer employed as required. *See* 18 U.S.C. § 3553(a)(2)(B) & (D). He suggests that he would have "more access to employment" if his supervision was terminated, but he has provided no elaboration on this point. Further, defendant did not initially comply with the terms of his state probation, although that has now been resolved. *See* 18 U.S.C. § 3553(a)(2)(B). Most importantly, both the Probation Office and the government oppose the defendant's motion due to the

significant amount of restitution he owes. Although it is unlikely that the defendant will be able to satisfy the restitution in the next two years whether he is on supervision or not, the Court finds that he is more likely to continue to make regular restitution payments on supervision. *See* 18 U.S.C. §§ 3553(a)(7). On balance, it appears to the Court that a continued period of supervised release is necessary to ensure defendant's continued compliance with the terms of his sentence. Accordingly, for all of these reasons, the defendant's motion for early termination of supervised release [Doc. 84] is **DENIED**.

IT IS SO ORDERED.

                                          s/ Thomas W. Phillips
                                 SENIOR UNITED STATES DISTRICT JUDGE